**SO ORDERED.**

**SIGNED this 29th day of December, 2014.**

_____
BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE

---

C-13-7a
(Rev. 01/12)

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| In Re: | ) | **ORDER CONFIRMING PLAN** |
| | ) | **CHAPTER 13** |
| | ) | |
| Zuber, Michael Anthony    xxx-xx-7590 | ) | |
| Zuber, Kimberlee Anne     xxx-xx-6732 | ) | Case No:  14-11137 C-13G |
| 700 Castle Oaks Court | ) | |
| High Point, NC 27265 | ) | |
| | ) | |
| | ) | |
| Debtors. | ) | |

This case came before the Court, after notice and opportunity for hearing, for confirmation of the Chapter 13 plan proposed in this case; and IT APPEARING to the Court as follows:

**I.** The Trustee in this case is Anita Jo Kinlaw Troxler, Standing Trustee, Anita Jo Kinlaw Troxler, 500 West Friendly Avenue, Suite 200, P.O. Box 1720, Greensboro, NC 27402-1720;

**II.** The attorney for the Debtors is Stan H. Dick;

**III.** Under the final plan (the "Plan") as proposed:

    **A. Plan Payments**

        1. The Debtors are to make monthly payments to the Trustee which are to be disbursed by the Trustee in accordance with the Plan and this Order;

        2. The monthly plan payment to the Trustee is $875.00 beginning October 30, 2014, increasing to $970.00 effective November 2014;

    **B. Administrative Costs**

        1. **Attorney Fees.** The Attorney for the Debtors is allowed the base fee of $3,700.00. The Attorney has received $501.00 from the Debtors pre-petition and the remainder of the base fee will be paid by the Trustee as funds are available.

    2.    **Trustee costs.**  The Trustee will receive from all disbursements such amount as approved by the Court for payment of fees and expenses.

**C.**    **Priority Claims**

Any timely filed claims entitled to priority under 11 U.S.C. §507, on behalf of the entities listed below, will be paid in full in deferred cash payments unless otherwise indicated.

    1.    Internal Revenue Service    - $12,474.46
    2.    N C Department of Revenue
    3.    Guilford County Tax Dept.

**D.**    **Secured Claims**

    1.  **Long-term Debts – To be paid directly by Debtor(s).**

| Creditor & Property | Claim Filed (Y/N) | Regular Payment |
|---|---|---|
| **AMERICA'S SERVICING CO.**<br>700 Castle Oaks Court<br>High Point, NC | N | $592.75 w/escrow<br>for tax and ins. |
| **GUILFORD COUNTY TAX DEPT.**<br>700 Castle Oaks Court<br>High Point, NC | N | Real property taxes<br>2014 forward - escrowed |

    2.  **Secured Claims To Be Paid In Full - Personal Property**

| Creditor & Property | Claim Filed (Y/N) | Claim Amount | Monthly Payment | Interest Rate | AP Payment |
|---|---|---|---|---|---|
| **ALLY FINANCIAL**<br>(2013 Chevrolet Equinox: 1/5/13) | Y | $26,992.23 | $560.00 | 4.9% | $229.00 |

    3.  **Property To Be Released.**

*Upon timely filing of a claim documenting a non-preferential perfected lien the following property is released for liquidation and the creditor is allowed 180 days (for real property) and 120 days (for personal property) from the date of entry of this Order to file a documented deficiency claim after liquidating the property.  The automatic stay and co-debtor stay, if applicable, are lifted as to the property released.  The requirements of Rule 3002.1 are terminated.*

| Creditor | Property to be Released | Claim filed (Y/N) |
|---|---|---|
| **ALLY FINANCIAL** | **2013 Chevrolet Malibu** | **Y** |

**E.**    **General Unsecured Claims Not Separately Classified.**

General unsecured claims not separately classified will be paid as funds become available after payment of costs of administration.  The estimated dividend to general unsecured claims is 0%.

F.  **Special Provisions**

   **SMR I, LLC (VALUATION OF COLLATERAL AND STRIP OFF OF DEED OF TRUST)**

   **SMR I, LLC, is listed as holding a deed of trust against Debtor(s)' residential real property commonly known as 700 Castle Oaks Court, High Point, North Carolina (hereinafter "real property"). Any deed of trust held by this Creditor is junior to a first lien deed of trust on Debtors' residential real property.**

   **The Debtors' residential real property is hereby valued at not more than $121,000.00. The balance owed on the first lien deed of trust is $131,168.18. Because the indebtedness secured by the first lien deed of trust exceeds the value of the real property, there is no value in the real property to secure any claim for the indebtedness referred to in the deed of trust held by this Creditor. Therefore any timely filed claim of this Creditor for such indebtedness will be allowed as an unsecured non-priority claim to be paid on a pro rata basis with other unsecured non-priority creditors due to no value in the real property and no other non-preferential perfected lien against property of the estate.**

   **Completion of the plan by the Debtors and the issuance of a discharge to the Debtors in this case will constitute full and final satisfaction of the above-described deed of trust and this Creditor, or its successor in interest, will promptly cancel the deed of trust after the Debtors have made all payments due under the Plan and become entitled to receive a discharge.**

   **If this Creditor, or its successor in interest, fails to timely cancel such deed of trust after Debtors have received their discharge, the Debtors are hereby authorized to record a certified copy of their discharge order with a certified copy of this Order and such recordation will constitute full and complete satisfaction of the Deed of Trust.**

G.  The Debtors will pay THE GREATER OF the amount necessary to pay all allowed costs of administration, priority and secured claims in full, with the exception of continuing long term debts, OR a minimum of 36 monthly plan payments, with the plan to be reviewed in twelve (12) months and periodically thereafter for plan payment adjustments.

H.  The terms and provisions of the Standing Order dated February 24, 2012, are incorporated in this Order and are available on the Court's website at **www.ncmb.uscourts.gov.**

I.  **IT FURTHER APPEARING** to the Court that the Plan complies with the requirements of 11 U.S.C. §1325; therefore, it is

**ORDERED** that the Plan is confirmed.

END OF DOCUMENT

PARTIES TO BE SERVED
PAGE 1 OF 1
14-11137 C-13G

ANITA JO KINLAW TROXLER
STANDING TRUSTEE
PO BOX 1720
GREENSBORO NC 27402-1720

STAN H DICK ESQ
1403 EASTCHESTER DR STE 101
HIGH POINT NC 27265

MICHAEL ANTHONY ZUBER
KIMBERLEE ANNE ZUBER
700 CASTLE OAKS COURT
HIGH POINT NC 27265

SMR I LLC
22 STATE RD
MEDIA, PA 19063